67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert P. WORRALL, Guardian for and on behalf of Helen
Worrall, Plaintiff-Appellee, Counter-Defendant,
v.
James E. IRWIN, Defendant-Appellant, Third-Party Plaintiff,
Counter-Claimant,
First National Bank of Ohio; Dennis G. Walsh; H. Vincent
Walsh; Dennis L. Wittman; Gregory Scott Beane;
Barbara K. Eshbaugh; IDS Financial
Services, Inc., Third-Party
Defendants-Appellees.
 No. 94-3859.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1995.
 
 Before: WELLFORD, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 James E. Irwin, pro se, appeals a district court order and judgment granting the counter-defendant's and third-party defendants' motions for summary judgment in this complaint filed under 42 U.S.C. Sec. 1983, under Ohio common law conversion, and under Ohio probate law. Jurisdiction for the state law claims is based on diversity of citizenship. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff, Robert Worrall, as Guardian for and on behalf of Helen Worrall (hereinafter referred to as "Helen"), originally filed this action against James Irwin, the counter-claimant in this appeal. The Guardian sought relief in the form of compensatory damages and expenses totalling over $50,000 that the Guardian allegedly suffered in defending certain law suits brought by Irwin in Ohio that the Guardian claimed were "frivolous petitions." Upon removal of the case to district court, Irwin raised federal and state claims, to which the counter-defendant and third-party defendants replied with motions for summary judgment.
 
 
 3
 The district court first determined that Irwin had failed to establish that the third-party defendants or the Guardian had acted under color of state law. Moreover, the court determined that the evidence was insufficient to establish that a conspiracy existed to deprive Irwin of his property without due process of law. The court next determined that it was required to abstain from considering Irwin's conversion claims in light of the probate proceedings currently pending in the Ohio courts. See Younger v. Harris, 401 U.S. 37 (1971). The claims against IDS were dismissed on the basis that IDS acted in reliance on a facially valid order from the Ohio probate court. Lastly, the court decided that the Guardian had failed to show why his complaint should not be dismissed based on the doctrine announced in Younger, and based on the Guardian's withdrawal of his claims to the extent that they depended upon allegations that Irwin's petitions were frivolous. Thus, the case was resolved as follows: 1) the Guardian's motion for summary judgment on Irwin's amended counter-claim and third-party complaint was granted; 2) the third-party defendants' motions for summary judgment were granted; 3) Irwin's Sec. 1983 claims and his Ohio claims against IDS were dismissed with prejudice; 4) Irwin's remaining Ohio law claims were dismissed without prejudice; 5) the Guardian's claims against Irwin were dismissed without prejudice; and 6) the Guardian motion for an order staying the action on the complaint was denied as moot.
 
 
 4
 On appeal, Irwin raises the following five issues: 1) Irwin allegedly presented evidence that created a genuine issue of material fact, precluding summary judgment in favor of the opposing parties; 2) the district court erred in finding that Irwin failed to establish that the Guardian and the third-party defendants deprived Irwin of his constitutional rights while the defendants were acting under color of state law; 3) Irwin presented sufficient evidence to show that the Guardian and the third-party defendants had a "common objective" to deprive him of his property without due process; 4) the district court erred by stating that a remedy for his Sec. 1983 claims could be found in an Ohio state probate court; and 5) the district court erred when it stated that there was no proof that the Guardian or that the third-party defendants made misrepresentations to the state probate court.
 
 
 5
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). This court reviews de novo a district court's decision to abstain under the Younger doctrine. Kelm v. Hyatt, 44 F.3d 415, 419 (6th Cir.1995).
 
 
 6
 Upon review, this court affirms the judgment of the district court for the reasons stated in the very excellent written opinion prepared by The Honorable Herman J. Weber, United States District Court Judge. Worrall v. Irwin, 890 F.Supp. 696 (S.D.Ohio 1994).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.